Chandra Moore (Bar No. 202806)
HAIGHT BROWN & BONESTEEL LLP
701 B Street, Suite 1625
San Diego, California 92101
Telephone: 619.595.5583
Facsimile: 619.595.7873

Attorneys for Defendant PNS STORES, INC., a California corporation, erroneously sued as MAIN OFFICE BIG LOTS

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE YVETTE WILLIAMS,<br><br>Plaintiff in pro se,<br><br>v.<br><br>MAIN OFFICE BIG LOTS and SEDONA STAFFING,<br><br>Defendants. | Case No. 07-CV-2191 JLS (BLM)<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANT PNS STORES, INC. TO SET ASIDE THE ENTRY OF DEFAULT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF CHANDRA L. MOORE; EXHIBITS**<br><br>[Proposed Order and Motion to Dismiss Filed Concurrently Herewith]<br><br>Date: April 25, 2008<br>Time: 10:30 a.m.<br>Ctrm: 6<br>Judge: Hon. Sammartino<br><br>Complaint Filed: November 16, 2007 |

TO PLAINTIFF AND THE HONORABLE COURT:

**PLEASE TAKE NOTICE** that on April 25, 2008, at 10:30 a.m., or as soon thereafter as this matter may be heard in Courtroom 6 of the above-entitled Court, located at 940 Front Street, San Diego, California 92101, Defendant PNS Stores, Inc., a California corporation ("Big Lots"), will and hereby does move the Court for:

1. An Order setting aside the Entry of Default that was entered by the court clerk against Big Lots on February 6, 2008;

2. For leave to file Big Lots Motion to Dismiss (filed concurrently herewith) and defend the instant action on its merits.

This Motion in made on the following ground:

1. Good Cause exists to set aside the Entry of Default.

This Motion is made following an attempt to "meet and confer" over the allegations in the Complaint and to discuss this motion. (See the Declaration of Chandra L. Moore, ¶¶ 4 and 5, filed concurrently herewith).

This Motion will be based on this Notice, the attached Memorandum of Points and Authorities, the Declaration of Chandra L. Moore, the papers and pleadings in this matter and upon such further oral and documentary evidence as may be presented at the time of the hearing on this Motion.

Dated: February 26, 2008

Respectfully submitted,

HAIGHT BROWN & BONESTEEL LLP

By: Chandra Moore

Chandra Moore
Attorney for Defendant
PNS Stores, Inc., a California corporation, erroneously sued as MAIN OFFICE BIG LOTS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff filed a Complaint against PNS Stores, Inc., a California corporation, erroneously sued as MAIN OFFICE BIG LOTS, ("Big Lots"), on November 16, 2007. Plaintiff improperly served Big Lots a Summons and Complaint on December 3, 2007, and again on December 10, 2007.

The purported Service on Big Lots was in invalid because Plaintiff did not comply with the statutory procedures for service of process on Big Lots, a corporation. Plaintiff did not serve the Summons and Complaint on a "person designated as agent for service of process…," nor did she serve the Summons and Complaint on "the president, chief executive officer or other head of the corporation… or person authorized by the corporation to receive service of process" as required under the laws of California pursuant to FRCP 4 and California Code of Civil Procedure §416.10. Instead, Plaintiff simply had the Summons and the Complaint sent to "Main Office Big Lots" by Certified Mail, Return Receipt Requested, which is not proper against a corporation under FRCP.

Delia Puentes, an Operations Assistant for Big Lots, signed off on the Certified Mail on December 3, 2007 at 11:35 a.m. (See Exhibit "A"). She is not authorized to accept service. No one in the Big Lots Claims/Risk Management Department was aware of Plaintiff's lawsuit until Nicole Rodgers, in the Risk Management Department, saw Plaintiff's "Request to Clerk for Entry of Default" against Big Lots on her desk on January 31, 2008. (See Moore Decl. ¶ 2). Apparently, this "Request" was sent by regular U.S. Mail on January 23, 2007. (See Exhibit "B").

Upon receiving the "Request to Clerk for Entry of Default," Ms. Rodgers immediately began to investigate the matter, but could not locate any other documents relating to Williams' Complaint. That same day, January 31, 2008, Ms. Rodgers contacted Haight, Brown & Bonesteel's ("HBB") main office in Los Angeles, to seek assistance in obtaining information about Williams' Complaint. HBB immediately ordered the entire file from the court. Upon receipt of the file on February 4, 2008, HBB forwarded a copy

to Ms. Rodgers. After Big Lots reviewed the court file, Big Lots requested that HBB do whatever was necessary to protect Big Lots interests in this case. (Moore Decl. ¶ 3).

Subsequently, the case was assigned Chandra Moore from the San Diego HBB office on February 5, 2008. That same day, at 2:28 p.m., Ms. Moore telephoned Plaintiff at the number listed on her Complaint in an attempt to "meet and confer" regarding the "Notice of Entry of Default" and HBB's intention to seek relief from Entry and to inform Plaintiff that she would be filing the instant Motion to Set Aside the Entry of Default based upon improper service and good cause. Ms. Moore also intended to discuss with Plaintiff that she would be filing a Motion to Dismiss the case and also whether the matter could be resolved without court intervention. (Moore Decl. ¶ 4).

Unfortunately, Plaintiff's boyfriend (or "significant other") answered the phone. When Ms. Moore identified herself and asked to speak with Plaintiff, she was told "don't you ever call this number again. She will not be speaking with you. Go through the court and file an answer" and then he hung up the phone on Ms. Moore. Ms. Moore was prevented from speaking with Plaintiff, even though she is representing herself in this matter. Accordingly, HBB was forced to act immediately and file this motion. (Moore Decl. ¶ 5).

This court should set aside the Request for Entry of Default because "good cause" exists under FRCP and public policy favors doing so. Big Lots was not properly served a Summons and Complaint. Big Lots default was not willful or culpable. Moreover, granting relief from the default would prejudice Plaintiff and most importantly, Big Lots has a meritorious defense.

## II. THIS COURT SHOULD SET ASIDE THE ENTRY OF DEFAULT AGAINST BIG LOTS BECAUSE GOOD CAUSE EXISTS AND PUBLIC POLICY FAVORS DOING SO.

Federal Rules of Civil Procedure allow a court to set aside an entry of default for "good cause." FRCP 55(c). Setting aside an entry of default means that the court will excuse the party's default, allow a responsive pleading, and continue with the case on the

merits. "Good cause" has no precise definition, and its meaning depends on the circumstances of the case. See Coon v. Grenier, 867 F.2d 73, 76 (1st Cir. 1989) (" 'Good cause' is a mutable standard, varying from situation to situation. It is likewise a liberal one-but not so elastic as to be devoid of substance").

In determining whether good cause exists, the court will consider a variety of relevant factors and the determination whether good cause exists is committed to the discretion of the district court. See Hawaii Carpenters' Trust Funds v. Stone, 794 F.2d 508, 513 (9th Cir. 1986). The factors the court considers in exercising its discretion derive from the policies and values underlying default. There is the strong policy in favor of deciding cases on the merits rather than on technical violations. See Rogers v. Hartford Life & Accident Ins. Co., 167 F.3d 933, 936 (5th Cir. 1999).

Because of the importance of the policy of deciding cases on the merits, courts usually construe "good cause" liberally in favor of relief from default. Therefore, as a general rule, courts are more likely to grant relief than to proceed to a default judgment. See Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993) ("good cause" and criteria of Fed. R. Civ. P. 60(b) should be construed generously). Any doubts as to whether good cause exists should be resolved in favor of the defaulting party. See Powerserve Int'l, Inc. v. Lavi, 239 F.3d 508, 514 (2d Cir. 2001).

Courts typically cite three factors that are to be considered when determining good cause: (1) Whether the default was willful or culpable; (2) Whether granting relief from the default would prejudice the opposing party; and (3) Whether the defaulting party has a meritorious defense. See Franchise Holding II, LLC v. Huntington Rests. Group, Inc., 375 F.3d 922, 925-926 (9th Cir. 2004). These factors guide the court in the exercise of its discretion but are not intended as a mechanical formula or per se rule. See KPS & Assocs. v. Designs by FMC, Inc., 318 F.3d 1, 12 (1st Cir. 2003) (determination is case-specific and must be made in practical, commonsense manner, without rigid adherence to or undue reliance on mechanical formula).

**A. Good Cause Exists To Set Aside The Entry Of Default Because Big Lots Did Not Act Willful or Culpable In Defaulting Because Service of the Summons And Complaint Was Invalid.**

Courts must consider whether a party acted willfully in defaulting when determining whether to grant relief from a default or default judgment. Service of process on a corporate employee who lacks authority to accept service on behalf of the corporation renders service invalid. See Boltes v. Entex, 158 F.R.D. 110, 111-113 (S.D. Tex. 1994) (service on security guard employed by defendant improper). If service is invalid, then a default cannot be willful. See id.

The burden is on the plaintiff to show a basis for an inference that defendant has authorized a particular person to accept service of process on its behalf. See American Inst. of Cert. Pub. Accts. v. Affinity Card, 8 F. Supp. 2d 372, 376 (S.D.N.Y. 1998). Service of process on a domestic or foreign corporation may be made by personal delivery of the summons and complaint on an agent authorized by express or implied appointment to receive service of process. FRCP 4(h)(1)(B). Regardless of whether the appointment is expressed or implied, the purported agent must have actual authority to behave as an agent for the corporation. See Saez Rivera v. Nissan Mfg. Co., 788 F.2d 819, 821 (1st Cir. 1986); see also Kovalesky v. A.M.C. Associated Merch. Corp., 551 F. Supp. 544, 545-546 (S.D.N.Y. 1982) (throwing summons and complaint in corporation's lobby in front of receptionist not authorized to receive service rendered service invalid); see also Select Creations, Inc. v. Paliafito Am., Inc., 830 F. Supp. 1223, 1239 (E.D. Wis. 1993) (apparent authority insufficient for service or acceptance of process).

The purported Service on Big Lots was invalid because Plaintiff did not serve the Summons and Complaint to a person or agent authorized for service. Plaintiff simply had the Summons and the Complaint sent to "Main Office Big Lots" by Certified Mail, Return Receipt Requested. (See Exhibit "C").

Delia Puentes was not a person authorized to accept service of process for Big Lots. The proper agent for service of process on Big Lots is CSC - LAWYERS

INCORPORATING SERVICE, which can easily be found on the Secretary of the State of California's website, California Business Portal, when searching for an agent for service of process.

Unfortunately, no one in Big Lots Risk Management/Claims Department was aware of Plaintiff's lawsuit against Big Lots until Nicole Rodgers, of Big Lots Risk Management, received, via mail on January 31, 2008, Plaintiff's Request for Entry of Default. Without knowledge of the lawsuit, Big Lots could not intentionally default on the lawsuit. As such, this court should find that good cause exists to set aside the Entry of Default.

**B. Good Cause Exists To Set Aside The Entry Of Default Against Big Lots Because Granting Relief From The Default Would Not Prejudice Plaintiff.**

Prejudice to the opposing party should be considered and balanced with the other factors when deciding whether to grant relief from default. Prejudice is not significant unless it is something greater than would be experienced by the ordinary litigant in being required to litigate on the merits. See TCI Group Life Ins. Plan at 701 (merely being forced to litigate on merits not considered prejudicial); see also Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 785 (8th Cir. 1998) (prejudice may not be found from delay alone or from fact that defaulting party will be permitted to defend on merits).

Some delay will necessarily result when a default is reopened, but delay in gaining a judgment is not considered, by itself, to be undue prejudice that would justify denying relief. See TCI Group Life Ins. Plan at 701 (to be prejudicial, setting aside of judgment must result in greater harm than simply delaying resolution of case; standard is whether claimant's ability to pursue claim will be hindered).

In this case, Plaintiff will not be prejudiced by setting aside the Entry of Default. The delay in filing a responsive pleading has been extremely minimal, only 25 days. Big Lots first found out about Plaintiff's Complaint when Nicole Rodgers saw the Notice of Entry of Default on her desk on January 31, 2008. Her immediate investigation and actions led to HBB obtaining the file for this matter as early as February 5, 2008. Since Plaintiff was not willing to take Ms. Moore's phone call to meet and confer about the

drafting and filing of this motion and the motion to dismiss, Ms. Moore began drafting the motions and was given a court date of April 25, 2008, from the court clerk, to hear the motions.

From the date that Big Lots received the file from the court to the date of the filing of the motions is only 25 days. This amount of time is not sufficient to cause prejudice to Plaintiff. This delay will not result in loss of evidence, create increased difficulties of discovery, or provide any greater opportunity for fraud and collusion.

More importantly, Plaintiff is simply being required to litigate on the merits, which is not considered prejudicial. As such, this court should set aside the Entry of Default against Big Lots because there has been no prejudice Plaintiff in this case.

**C. Good Cause Exists To Set Aside The Entry Of Default Against Big Lots Because Big Lots Has A Meritorious Defense In This Case.**

Big Lots is not required to show a meritorious defense when seeking relief from default or default judgment when Big Lots was not properly served with process. In this situation the court lacks jurisdiction, and the party is entitled to have the default or default judgment set aside on that basis alone, without regard to any other factors. See Peralta v. Heights Med. Ctr., Inc., 485 U.S. 80, 85-87, 108 S. Ct. 896, 99 L. Ed. 2d 75 (1988).

Nevertheless, Big Lots has a meritorious defense in this case. When a meritorious defense exists, any doubts should be resolved in favor of the motion to set aside the default, so that cases may be decided on their merits. See Mendoza v. Wight Vineyard Mgmt., 783 F.2d 941, 945-946 (9th Cir. 1986) (when timely relief is sought from default and movant has meritorious defense, doubt if any should be resolved in favor of relief from default). The defaulting party need not prove the defense before the court may set aside the default. The test is not whether there is a likelihood that the defaulting party will prevail on the defense, but rather whether a defense is proposed that is legally cognizable and, if proved at trial, would constitute a complete defense to the claims. See Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 785 (8th Cir. 1998) (issue is whether proffered evidence would permit finding for the defaulting party, not whether it is undisputed); see

also Keegel v. Key West & Caribbean Trading Co., 627 F.2d 372, 374 (D.C. Cir. 1980) (allegations of defense are meritorious if they contain "even a hint of a suggestion" that, if proven at trial, would constitute complete defense). The party must allege specific facts that, if proved at trial, would establish the defense.

Plaintiff's Complaint against Big Lots is for "Relief Under The Freedom of Information Act 5 U.S.C. § 552." The Freedom of Information Act ("FOIA") applies to Executive Branch departments, agencies, and offices; federal regulatory agencies; and federal corporations. Title 5, section 552(f)(1) states in pertinent part:

> (f) For purposes of this section, the term--
>
> (1) "**agency**" as defined in section 551(1) of this title [5 USCS § 551(1)] includes any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency. *(emphasis added)*

Big Lots is not chartered or controlled by the U.S. Government. Big Lots is a private company and is not governed under the FOIA. As such, Plaintiff's Complaint fails to state a cause of action against Big Lots, which is a complete defense in this case.

## III. CONCLUSION

For all the forgoing reasons, Big Lots respectfully requests that this court set aside the Entry of Default against Big Lots.

Dated: February 26, 2008

HAIGHT BROWN & BONESTEEL LLP

By: [signature]
Chandra Moore
Attorney for Defendant
BIG LOTS STORES, INC. erroneously sued as MAIN OFFICE BIG LOTS

DECLARATION OF CHANDRA L. MOORE

I, CHANDRA L. MOORE, declare as follows:

1. I am an attorney at the law firm of Haight, Brown & Bonesteel, L.L.P., counsel of record for Defendants in the above-captioned action. I am a member in good standing of the State Bar of California and have been admitted to practice before this Court. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2. Delia Puentes, an Operations Assistant for Big Lots signed off on the Certified Mail on December 3, 2007 at 11:35 a.m. She is not authorized to accept service. No one in the Big Lots Claims/Risk Management Department was aware of Plaintiff's lawsuit until Nicole Rodgers, in the Risk Management Department, saw Plaintiff's "Request to Clerk for Entry of Default" against Big Lots on her desk on January 31, 2008, which I learned when investigating this matter.

3. Upon receiving the "Request to Clerk for Entry of Default," Ms. Rodgers immediately began to investigate the matter but could not locate any other documents relating to Williams' Complaint. That same day, January 31, 2008, Ms. Rodgers contacted Haight, Brown & Bonesteel's ("HBB") main office in Los Angeles, Big Lots California counsel, to seek assistance in obtaining information about Williams' Complaint. HBB immediately ordered the entire file from the court. Upon receipt of the file, HBB forwarded a copy to Ms. Rodgers. After Big Lots' their review of the file, Big Lots requested that HBB do whatever was necessary to protect Big Lots interests in this case.

4. Subsequently, the case was assigned Chandra Moore from the San Diego HBB office on February 5, 2008. That same day, at 2:28 p.m., Ms. Moore telephoned Plaintiff at the number listed on her Complaint in an attempt to "meet and confer" regarding the "Notice of Entry of Default" and HBB's intention to seek relief from Entry and to inform Plaintiff that she would be filing the instant Motion to Set Aside the Entry of Default based upon improper service and good cause. Ms. Moore also intended to discuss

with Plaintiff that she would be filing a Motion to Dismiss the case and also whether the matter could be resolved without court intervention.

5. Unfortunately, Plaintiff's boyfriend (or "significant other") answered the phone. When Ms. Moore identified herself and asked to speak with Plaintiff, she was told "don't you ever call this number again. She will not be speaking with you. Go through the court and file an answer" and then he hung up the phone on Ms. Moore. Ms. Moore was prevented from speaking with Plaintiff, even though she is representing herself in this matter. Accordingly, HBB was forced to act immediately and file this motion.

6. Attached as Exhibit A is a true and correct copy of the signed copy of the Certified Mail on December 3, 2007 at 11:35 a.m.

7. Attached as Exhibit B is a true and correct copy of the signed copy of Plaintiff's "Request to Clerk for Entry of Default" against Big Lots that was sent by regular U.S. Mail on January 23, 2007.

8. Attached as Exhibit C is a true and correct signed copy of the Proof of Summons and the Complaint sent to "Main Office Big Lots" by Certified Mail, Return Receipt Requested.

Executed on February 26, 2007, at San Diego, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Chandra Moore

CHANDRA L. MOORE