Douglas A. Pettit, Esq.; SBN 160371
Tyler A. Theobald, Esq.; SBN 254215
**PETTIT KOHN INGRASSIA & LUTZ PC**
11622 El Camino Real, Suite 300
San Diego, California 92130
Phone: (858) 755-8500
Facsimile: (858) 755-8504
E-mail: dpettit@pettitkohn.com
ttheobald@pettitkohn.com

Attorneys for Defendant
**SEDONA STAFFING**

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHELLE YVETTE WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>MAIN OFFICE BIG LOTS, SEDONA STAFFING,<br><br>Defendants. | CASE NO.: 07-CV-2191 JLS (BLM)<br><br>**DEFENDANT SEDONA STAFFING'S NOTICE OF MOTION AND MOTION TO SET ASIDE THE ENTRY OF DEFAULT**<br><br>**Date: July 10, 2008**<br>**Time: 1:30 p.m.**<br>**Courtroom: 6**<br><br>District Judge: Hon. Janis L. Sammartino<br>Magistrate Judge: Barbara Lynn Major<br>Complaint Filed: November 16, 2007<br>Trial Date: TBD |

TO PLAINTIFF AND HER ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on July 10, 2008, at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 6 of the above-entitled District Court, located at San Diego, California, the Honorable Janis L. Sammartino presiding, Defendant Sedonna Staffing ("Defendant") will move this Court for an order to set aside the entry of default.

///

///

///

///

Defendant's motion is based upon this Notice of Motion, the Memorandum of Points and Authorities, the declarations of Carla Stanley and Rita Stanford, the accompanying exhibits, and any evidence or argument presented at the hearing on this motion.

Respectfully submitted,

**PETTIT KOHN INGRASSIA & LUTZ PC**

Dated: May 28, 2008

By: ______________________________

Douglas A. Pettit, Esq.
Tyler A. Theobald, Esq.
Attorneys for Defendant
**SEDONA STAFFING**

Douglas A. Pettit, Esq.; SBN 160371
Tyler A. Theobald, Esq.; SBN 254215
**PETTIT KOHN INGRASSIA & LUTZ PC**
11622 El Camino Real, Suite 300
San Diego, California 92130
Phone: (858) 755-8500
Facsimile: (858) 755-8504
E-mail: dpettit@pettitkohn.com
ttheobald@pettitkohn.com

Attorneys for Defendant
**SEDONA STAFFING**

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHELLE YVETTE WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>MAIN OFFICE BIG LOTS, SEDONA STAFFING,<br><br>Defendants. | CASE NO.: 07-CV-2191 JLS (BLM)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT SEDONA STAFFING'S MOTION TO SET ASIDE THE ENTRY OF DEFAULT**<br><br>**Date: July 10, 2008**<br>**Time: 1:30 p.m.**<br>**Courtroom: 6**<br><br>District Judge: Hon. Janis L. Sammartino<br>Magistrate Judge: Barbara Lynn Major<br>Complaint Filed: November 16, 2007<br>Trial Date: TBD |

**I.**

**INTRODUCTION**

Plaintiff Michelle Yvette Williams ("Plaintiff") filed a Complaint for relief under the Freedom of Information Act against Defendant Sedona Staffing ("Defendant") November 16, 2007. Ms. Rita Sanford, an employee of Defendant, received Plaintiff's Complaint and summons on or about December 3, 2007. (Exhibit "A;" Declaration of Rita Sanford). Ms. Sanford read the summons and Complaint and believed it required her to respond directly to Plaintiff. (Declaration

///

of Rita Sanford). Ms. Sanford, on behalf of Defendant, prepared and mailed a responsive letter on December 5, 2007. (Exhibit "B"; Declaration of Rita Sanford).

Notably, Plaintiff failed to properly effect service on Defendant under both Federal Rules of Civil Procedure, Rule 4 and the California Code of Civil Procedure § 416.10. Plaintiff did not serve Defendant's authorized agent or other party authorized to receive service under California or Federal law. Instead, Plaintiff served the summons and Complaint on an office administrator. (Declaration of Carla Stanley; Declaration of Rita Sanford).

On December 13, 2007, Ms. Sanford received a "Motion for Lodgement and Proposed Order," verifying that Plaintiff had received Defendant's December 5, 2007 letter and seeking to lodge the December 5th letter with the court. (Exhibit "C"). On January 24, 2007, Ms. Sanford received Plaintiff's "Request to Clerk for Entry of Default." (Exhibit "D"; Declaration of Rita Sanford). Ms. Sanford immediately sent Plaintiff a letter stating that Defendant did not default because Defendant had responded to Plaintiff's Complaint via the December 5th letter, which Plaintiff acknowledged receiving. (Exhibit "E"; Declaration of Rita Sanford).

On or about May 13, 2008, Defendant retained the law firm of Pettit Kohn Ingrassia & Lutz PC ("PKIL") in San Diego to handle an Equal Employment Opportunity Commission claim on its behalf. (Declaration of Carla Stanley). Defendant was not aware that it had failed to properly respond to Plaintiff's Complaint until after PKIL reviewed Defendant's files, found Plaintiff's Complaint and determined that Defendant had unknowingly failed to take the proper action in response. (Declaration of Carla Stanley; Declaration of Rita Sanford). PKIL diligently sought the records from the Court, analyzed the case history, and now brings this motion before the Court.

It is the policy of the federal courts to litigate claims on their merits whenever possible. The facts in this case present the Court with good cause to

vacate the entry of default and allow the parties to proceed to litigate this claim on the merits. Thus, Defendant respectfully requests that this Court vacate the entry of default.

## II.

## ARGUMENT

### A. The Court Can Properly Set Aside the Entry of Default Against Plaintiff under Federal Rules of Civil Procedure, Rule 55(c) and Decide the Case on the Merits

There is good cause for the Court to set aside the entry of default. "Judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984). The court can vacate an entry of default against a party upon a showing of good cause. FRCP 55(c). Good cause is determined by looking at three factors: (1) whether the defendant engaged in culpable conduct leading to default; (2) whether the defendant has a meritorious defense to Plaintiff's complaint; and (3) whether vacating the entry of default would prejudice the plaintiff. Franchise Holding II, LLC v. Huntington Restaurants Group, Inc., 375 F.3d 922, 925-926 (9th Cir. 2004). Further, in deciding whether to vacate an entry of default the court can apply the tests and factors used to analyze Federal Rules of Civil Procedure, Rule 60(b) (vacating default judgments) to situations under Rule 55(c); however, the court should apply the factors in a more lenient fashion. Hawaii Carpenters' Trust Fund v. Stone, 794 F.2d 508, 513 (9th Cir. 1988).

#### 1. Defendant Did Not Engage in Culpable Conduct Leading to Entry of Default

Defendant's failure to answer Plaintiff's Complaint is excusable, not culpable. "A defendant's conduct is culpable if he has received actual or constructive notice of the filing and intentionally failed to answer." TCI Group Life Insurance Plan v. Knoebber, 224 F.3d 691, 697 (9th Cir. 2001) (emphasis added). Actual or constructive notice in itself is not sufficient. Id. at 697-698. Courts do

not find "intent" simply where a party receives and reads a pleading, but rather where the court finds the "intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." Id.

Defendant did not intentionally fail to answer or ignore Plaintiff's Complaint, and certainly did not try to take advantage of Plaintiff, interfere with judicial decisionmaking, or manipulate the legal process. (Declaration of Rita Sanford; Declaration of Carla Stanley). Defendants failed to properly answer Plaintiff's Complaint because they simply misunderstood what actions the subpoena and the Complaint required them to take. (Declaration of Rita Sanford). Defendant sent Plaintiff two letters, which they believed in good faith satisfied the requirements under the summons. (Declaration of Rita Sanford). Defendant's actions, albeit incorrect, were a good faith effort to comply with what they believed they were being asked to do. (Declaration of Rita Sanford). Therefore, Defendant's conduct was excusable and it respectfully requests that this Court vacate the entry of default.

**2. Defendant Has a Meritorious Defense Against Plaintiff's Complaint**

Defendant will meritoriously defend against Plaintiff's cause of action because Defendant, as a private company, is not subject to claims arising under the Freedom of Information Act ("FOIA"). The party seeking to vacate the entry of default carries the burden to put forth facts constituting the meritorious defense; however, the burden is not heavy. Knoebber, 224 F.3d at 700. Importantly, "where timely relief is sought from a default…and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the default so that cases may be decided on their merits." Mendoza v. Wight Vineyard Management, 786 F.2d 941, 945-946 (9th Cir. 1986).

The defendant is not required to prove the defense or establish that it will prevail. Rather, the court should vacate the entry of default and allow the case to

proceed on the merits where the defendant puts forth facts supporting a defense that if established at trial would result a complete defense. Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 98 (2d. Cir. 1993); Berthelsen v. Kane, 907 F.2d 617, 621-622 (6th Cir. 1990) (stating that for purposes of this analysis, "[the court] resolve all ambiguous or disputed facts in the light most favorable to...defendant").

Plaintiff's Complaint fails to assert a cause of action against Defendant because Defendant is not subject to FOIA. The FOIA applies to governmental agencies, not to private companies. 5 U.S.C. §§ 552(a)(1), (f)(1). Defendant is a private company operated under a licensing agreement with another corporation. (Declaration of Carla Stanley). Since Defendant is a private company and not subject to the FOIA, Plaintiff's Complaint for relief under the FOIA fails to state a cause of action and thus must be dismissed a matter of law.

**3. Setting Aside the Default Judgment Will Not Prejudice Plaintiff**

Forcing Plaintiff to litigate her claim on the merits does not prejudice her, but rather returns the parties to their original positions. Knoebber, 224 F.3d at 701. The standard for prejudice is not delay, but rather whether Defendant's default has harmed Plaintiff's ability to litigate her claim. Id. (citing Thompson v. American Home Assurance, 95 F.3d 429, 433-434, which states "the delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion").

Vacating the entry of judgment and allowing the parties to resolve this case on the merits will not prejudice Plaintiff. Defendant made a good faith effort to respond to Plaintiff's Complaint prior to the entry of default and has since retained counsel to handle this matter. (Declaration of Rita Sanford; Declaration of Carla Stanley). Although there may have been a slight and unintentional delay in litigating Plaintiff's cause of action, it has not injured Plaintiff's ability to litigate these claims.

///

## III.

## CONCLUSION

It is the policy of the federal courts to litigate cases on their merits and to avoid entry of default whenever possible. Defendant's failure to timely file a proper response to Plaintiff's meritless Complaint does not prejudice Plaintiff's ability to now litigate her claims on the merits. Since the delay has not caused prejudice and Defendant can assert a meritorious defense to the Complaint, Defendant respectfully requests that this Court vacate the entry of default and allow this action to proceed on the merits.

Respectfully submitted,

**PETTIT KOHN INGRASSIA & LUTZ PC**

Dated: May 28, 2008

By: ______________________

Douglas A. Pettit, Esq.
Tyler A. Theobald, Esq.
Attorneys for Defendant
**SEDONA STAFFING**

EXHIBIT A

FILED

07 NOV 16 PM 2:26

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: [signature] DEPUTY

Michelle Yvette Williams
2985 Euclid Ave. #22
San Diego, Ca. 92105
(619) 993-7811)

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MICHELLE YVETTE WILLIAMS
2985 Euclid Ave. #22
San Diego, Ca. 92105

Plaintiff, in Pro se.

-v-

MAIN OFFICE BIG LOTS
300 PHILLIPI RD.
COLUMBUS, OH. 43228-0512

and

SEDONA STAFFING
7380 CLAIREMONT MESA BLVD., STE 209
SAN DIEGO, CA. 92111

Defendant, et. al.

'07 CV 2191 JLS (BLM)
Case No.

JUDGE

COMPLAINT FOR RELIEF UNDER THE FREEDOM OF INFORMATION ACT 5 U.S.C. §552

Plaintiff alleges:

As of 07/07/07, Defendants have and are unlawfully withholding documents for which Defendants based their terminaton of Plaintiff's employment, in violation of the FREEDOM OF INFORMATION ACT., 5 U.S.C. § 552.

CR

And that Plaintiff is entitled to any and all documents whether paper and/or electronic improperly withheld by said Defendants.

## COMPLAINT FOR INJUNCTIVE RELIEF

1. THIS IS AN ACTION UNDER THE FREEDOM OF INFORMATION ACT. 5 U.S.C. §552, FOR INJUNCTIVE RELIEF AND OTHER APPROPRIATE RELIEF AND SEEKING THE DISCLOSURE AND RELEASE OF AGENCY RECORDS, IMPROPERLY WITHHELD FROM PLAINTIFF BY DEFENDANT(S).

## JURISDICTION AND VENUE

2. THIS COURT HAS BOTH SUBJECT MATTER JURISDICTION OVER THIS ACTION AND PERSONAL JURISDICTION OVER THE PARTIES PURSUANT TO 5 U.S.C. §552. THIS COURT ALSO HAS JURISDICTION OVER THIS ACTION PURSUANT TO 28 U.S.C. §1331. VENUE LIES IN THIS DISTRICT UNDER 5 U.S.C. §552, FREEDOM OF INFORMATION ACT.

3. ON 07/07/07, PLAINTIFF MADE THREE REQUEST, VIA FAXES TO MAIN OFFICE OF BIG LOTS, IN COLUMBUS, OHIO, AT ADVISE OF STORE MANAGER MR. RAY FALGLENHAVEN OF THE SAN DIEGO STORE; FOR WHICH DEFENDANTS BASED THEIR TERMINATION OF PLAINTIFF'S EMPLOYMENT.

4. BOTH DEFENDANTS ARE BASED IN SAN DIEGO, CALIFORNIA WITH BIG LOTS MAIN OFFICE IN COLUMBUS, OHIO., AND DEFENDANTS HAVE NOT COMPLIED NOR EVEN ATTEMPTED TO ACKNOWLEDGE ANY REQUEST NOT WITHSTANDING THESE WRITTEN DEMANDS UNDER THE FREEDOM OF INFORMATION ACT, EVEN UNTIL TODATE.

Case 3:07-cv-02191-JLS-BLM Document 1 Filed 11/16/2007 Page 3 of 12

## PLAINTIFF'S F.O.I.A. APPEALS

5. 07/07/07, (3) FAXES TO BIG LOTS MAIN OFFICE.

6. 07/09/07, TO HUMAN RESOURCE, OF BIG LOTS.

7. 07/13/07, TO MAIN OFFICE OF BIG LOTS AND SOLICITOR OF LABOR, U.S. DEPARTMENT OF LABOR, WASHINGTON, D.C.

8. 07/19/07, TO SEDONA STAFFING, OF SAN DIEGO, STATING THE CRITERION/STANDARD, ON WHICH PLAINTIFF'S VOICE WAS JUDGED UPON FOR HER EMPLOYMENT TERMINATION.

9. 07/27/07, RESPONSE FROM WASHINGTON, D.C. STATING F.O.I.A. APPEAL IS BEING PROCESSED. REF #070264.

10. 07/30/07, RESPONSE FROM WASHINGTON, D.C. STATING LIMITED JURISDICTION .

11. 08/09/07, FINAL APPEAL TO ATTORNEY GENERAL'S OFFICE OF CALIFORNIA DEPARTMENT OF JUSTICE, AGAINST BIG LOTS AND SEDONA STAFFING OF SAN DIEGO, CALIFORNIA.

12. 09/04/07, RESPONSE FROM ATTORNEY GENERAL EDMUND G. BROWN RECOMMENDED SEEKING AT ATTORNEY. (all above copies attached)

## RELIEF REQUESTED

WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT:

A: ORDER DEFENDANT(S) TO DISCLOSE THE REQUESTED INFORMATION IN IT'S ENTIRETIES WITH COPIES OR RECORDS AVAILABLE TO THE PLAINTIFF.

B: PROVIDE FOR EXPEDITIOUS PROCEEDING IN THIS ACTION.

C: AWARD PLAINTIFF HER COSTS AND REASONABLE ATTORNEY FEES INCURRED IN THIS ACTION.

D: GRANT SUCH OTHER RELIEF AS THE COURT MAY DEEM JUST AND PROPER.

RESPECTFULLY SUBMITTED,

Michelle Yvette Williams

PLAINTIFF IN THIS ACTION
MICHELLE YVETTE WILLIAMS
2985 EUCLID AVE. #22
SAN DIEGO, CA. 92105
619 993-7811

# United States District Court

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Michelle Yvette Williams<br>vs<br>Main Office Big Lots, Sedona Staffing | **SUMMONS IN A CIVIL ACTION**<br>Case No. 07cv2191 JLS (BLM) |

TO: (Name and Address of Defendant)

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon PLAINTIFF'S ATTORNEY

Michelle Yvette Williams

2985 Euclid Avenue #22
San Diego, CA 92105
(619)993-7811

An answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

W. Samuel Hamrick, Jr.
Clerk of Court

November 26, 2007
DATE

M. Zvers
By M. Zvers, Deputy Clerk

**EXHIBIT** B

Sedona Staffing
2701 E. Camelback Road, #102 • Phoenix, AZ 85016 • Phone 602-778-0611 • FAX 602-955-0351
e-mail: sandiegotelestaf@aol.com • www.sedonastaffing.com

12/5/07

Response to Complaint of Discrimination
Claimant: Michelle Williams
Respondant: Sedona Staffing
EEOC #: 488-2007-00548
CASE 3:07-cv-02191-JLS-BLM

Sedona Staffing denies discrimination against Michelle Williams based the claimant's race, religion, national origin or any other factors. In addition, Sedona Staffing denies any violation of Title VII of the Civil Rights Act of 1964.

Michelle Williams enrolled with Sedona Staffing on 6/8/07. After filling out an application Ms. Williams met with Andrea Laird, Sedona Staffing Recruiter. The two discussed Ms. Williams's employment goals. After discussion, Ms. Laird offered Ms. Williams an opportunity for a call center position at Business to Business (B2B). Ms. Williams accepted the opportunity at B2B and began the application process for the position which included several computer tests and leaving a voicemail message for B2B.

B2B solely decides who they hire. Sedona Staffing has no role in B2B's hiring decisions therefore we cannot provide the criterion/standard on which Michelle Williams was considered. Sedona's role is to test and screen candidates as requested by B2B and submit the results for B2B's review.

Please contact me should you have any questions or require additional information.

Sincerely,

Rita Sanford
Human Resources
Sedona Staffing
858-268-9844 x211

U.S. Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

OFFICIAL USE

7006 2150 0002 9141 5652

| | | |
|---|---|---|
| Postage | $ | Postmark Here |
| Certified Fee | | |
| Return Receipt Fee (Endorsement Required) | | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | |

Sent To

Street, Apt. No.; or PO Box No.

City, State, ZIP+4

PS Form 3800, August 2006 See Reverse for Instructions

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Michelle W. #22
2985 Euclid
SD CA 92105

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

SAN DIEGO CA CITY HEIGHTS STA.
DEC 7 2007
USPS

3. Service Type
☐ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label) 7006 2150 0002 9141 5652

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

**EXHIBIT** C

Rcv'D 12/13/07
12:15 pm

Michelle Yvette Williams
2985 Euclid Ave. #22
San Diego, Ca. 92105
(619) 993-7811

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE YVETTE WILLIAMS<br>2985 Euclid Ave. #22<br>San Diego. Ca. 92105<br><br>Plaintiff, in pro se.<br><br>vs<br><br>MAIN OFFICE BIG LOTS<br>300 Phillipi Rd.<br>Columbus, Oh. 43228-0512<br><br>and<br><br>SEDONA STAFFING<br>7380 Clairemont Mesa Blvd., Ste 209<br>San Diego, Ca. 92111<br><br>Defendant, et,. al. | Case No. 07-cv-02191<br>JLS-BLM<br><br>**MOTION FOR LODGMENT AND PROPOSED ORDER** |

NOW COMES Plaintiff in pro se, and moves this Honorable Court to grant this Motion for Lodgment and Proposed Order, and in support of said Motion, Plaintiff states the following:

On 12/07/07, Plaintiff received a certified letter dated 12/05/07, from Defendants, Sodona Staffing. Defendants did not provide a copy of said letter with this Court. Plaintiff cites F.R.C.P. 11(b)(1), which clearly state rules for presentation of pleadings and papers to the Court. Given the original cause of action, under F.R.C.P. 11(b)(1) defendants are directed to abide by said Court Rules when submitting pleadings and other papers in this action.

Plaintiff request this Court to record said letter, dated 12/05/07, from Defendants (attached) for preservation and future reference.

PROPOSED ORDER

That all future documents comply with the Federal Rules of Civil Procedure and in support of this request Plaintiff cites Elster v Alexander, N.D. Ga. 1988, 122 F.R.D. 593. But, Plaintiff does not wish Court sanctions upon Defendant at this time.

RESPECTFULLY SUBMITTED,

Michelle Yvette Williams

Plaintiff in this action
Michelle Yvette Williams
2985 Euclid Ave. #22
San Diego, Ca. 92105
(619) 993-7811

EXHIBIT D

Rcv'D 1/24/08
1:00 pm

Michelle Yvette Williams
2985 Euclid Ave. #22
San Diego, Ca. 92105
(619) 993-7811

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Michelle Yvette Williams<br>2985 Euclid Ave. #22<br>San Diego, CA. 92105<br><br>Plaintiff, in pro se.<br><br>vs<br><br>Main Office Big Lots<br>300 Phillipi Rd.<br>Columbus, OH. 43228-0512<br><br>and<br><br>Sedona Staffing<br>3780 Clairemont Mesa Blvd.<br>Ste 209<br>San Diego, CA. 92111<br><br>Defendant, et,. al. | Case No. 07-CV-2191 JLS (BLM)<br><br>Judge SAMMARTINO<br><br>REQUEST TO CLERK FOR ENTRY OF DEFAULT |

Dear Clerk:

Please enter the Default of the Defendants pursuant to Rule 55(a), of the Federal Rules of Civil Procedure for their failure to plead or otherwise defend as appears from the attached

Declaration.

Defendant's failure to plead, answer or otherwise defend in the cause is required by law.

Plaintiff cites 28U.S.C.A. §1746, in support of said declaration/affidavit in support of request to Clerk for Entry of Default.

Respectfully submitted,

*Michelle Yvette Williams*

Plaintiff, in pro se.
Michelle Yvette Williams
2985 Euclid Ave. #22
San Diego, Ca. 92105
(619) 993-7811

**EXHIBIT** E

Sedona Staffing

7380 Clairemont Mesa Blvd, Suite 209 • San Diego, California 92111 • Phone 858-268-9844 • FAX 858-268-9880
e-mail: info@sedonastaffing.com • www.sedonastaffing.com

1/24/2008

Claimant: Michelle Williams
Respondant: Sedona Staffing
EEOC #: 488-2007-00548
CASE 3:07-cv-02191-JLS-BLM

Dear Ms. Williams,

Today at 1:00pm, Sedona Staffing received a "Request to Clerk for Entry of Default".

This "Request to Clerk for Entry of Default" states that Sedona Staffing has failed to "plead, answer or otherwise defend in the cause" of your discrimination claim, however a response to your claim and summons dated 11/26/07 was mailed to you on 12/5/07 and received by you on 12/7/07 per USPS certified delivery (see enclosed copies of USPS Certified Delivery confirmation and USPS Return Receipt).

Sedona Staffing denies default in this case. Again, our response to your claim was mailed on 12/5/07 and received by you on 12/7/07 per USPS delivery.

Please advise on further actions Sedona Staffing should take to ensure you have received our response to your claim.

Respectfully submitted,

Rita Sanford

Rita Sanford
Human Resources
Sedona Staffing
858-268-9844 x211

Cc: US Clerk District Court

7006 2150 0002 9141 5140

U.S. Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | Postmark Here |
| Certified Fee | | |
| Return Receipt Fee (Endorsement Required) | | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | Mailed to: | |

Sent To US District Ct 1.24.08

Street, Apt. No.; or PO Box No.

City, State, ZIP+4

PS Form 3800, August 2006 See Reverse for Instructions

7006 2150 0002 9141 5133

U.S. Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | Postmark Here |
| Certified Fee | | |
| Return Receipt Fee (Endorsement Required) | | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ Mailed to: | |

Sent To Michelle Williams 1.24.08

Street, Apt. No.; or PO Box No.

City, State, ZIP+4

PS Form 3800, August 2006 See Reverse for Instructions

Sedona Staffing
7380 Clairemont Mesa Blvd., Ste. 209
San Diego, California 92111

CERTIFIED MAIL

7006 2150 0002 9141 5140

$06.00⁰ PB6608326 JAN 24 08 MAILED FROM SAN DIEGO, CA 92111

US Clerk District Court
940 Front Street
San Diego, CA 92101

Case #3:07-cv-02191-JLS-BLM

Sedona Staffing
7380 Clairemont Mesa Blvd., Ste. 209
San Diego, California 92111

CERTIFIED MAIL

7006 2150 0002 9141 5133

$06.00⁰ PB6608326 JAN 24 08 MAILED FROM SAN DIEGO, CA 92111

Michelle Yvette Williams
2985 Euclid Avenue #22
San Diego, CA 92105

Douglas A. Pettit, Esq.; SBN 160371
Tyler A. Theobald, Esq.; SBN 254215
**PETTIT KOHN INGRASSIA & LUTZ PC**
11622 El Camino Real, Suite 300
San Diego, California 92130
Phone: (858) 755-8500
Facsimile: (858) 755-8504
E-mail: dpettit@pettitkohn.com
ttheobald@pettitkohn.com

Attorneys for Defendant
**SEDONA STAFFING**

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHELLE YVETTE WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>MAIN OFFICE BIG LOTS, SEDONA STAFFING,<br><br>Defendants. | CASE NO.: 07-CV-2191 JLS (BLM)<br><br>**DECLARATION OF RITA SANFORD IN SUPPORT OF DEFENDANT SEDONA STAFFING'S MOTION TO SET ASIDE THE ENTRY OF DEFAULT**<br><br>**Date: July 10, 2008**<br>**Time: 1:30 p.m.**<br>**Courtroom: 6**<br><br>District Judge: Hon. Janis L. Sammartino<br>Magistrate Judge: Hon. Barbara L. Major<br>Complaint Filed: November 16, 2007<br>Trial Date: TBD |

I, Rita Sanford, hereby declare as follows:

1. I am currently employed as the office manager for Sedona Staffing in San Diego, California.

2. I am informed and believe that on December 3, 2007, the United States Marshall's Service delivered a copy of Plaintiff Michelle William's ("Plaintiff") November 16, 2007 complaint and summons (collectively referred to as "the Complaint") to Ms. Delia Puentes, an operations administrator for Sedona Staffing in San Diego, California.

///

3. I am informed and believe that Plaintiff has also filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") against Sedona Staffing.

4. On or about December 3, 2007, I received a copy of the Complaint.

5. I believed that the Complaint required Sedona Staffing to respond directly to Plaintiff.

6. On December 5, 2007, I prepared and mailed Plaintiff a letter responding to the Complaint.

7. On January 24, 2008, I received correspondence from Plaintiff stating that Sedona Staffing had failed to answer the Complaint and that she was seeking an entry of default against Sedona Staffing.

8. On January 24, 2008, I prepared and mailed Plaintiff a letter stating that Sedona Staffing responded to the Complaint on December 5, 2007.

9. At the same time that I received the Complaint, I was also receiving correspondence from the EEOC regarding Plaintiff's charge of discrimination against Sedona Staffing.

10. I was not aware that the correspondence from the EEOC and Plaintiff's complaint related to two separate matters, requiring separate and distinct responses. I believed that all the information I was receiving related to Plaintiff's allegations regarding discrimination.

11. I was unaware that Sedona Staffing failed to properly respond to the Complaint until after Carla Stanley, the President of Sedona Staffing, consulted with Pettit Kohn Ingrassia & Lutz, PC, on or about May 13, 2008 regarding Plaintiff's EEOC charge.

12. I believed that the correspondence I prepared and delivered to Plaintiff on behalf of Sedona Staffing sufficiently complied with the requirements of the Complaint.

///

13. In corresponding directly with Plaintiff, I intended to respond to the Complaint and address Plaintiff's allegations. I did not intend to obstruct Plaintiff's ability to litigate her claim on the merits or delay the court's handling of this action.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 28 th day of May, 2008 at San Diego, California.

Rita Sanford

Rita Sanford

Douglas A. Pettit, Esq.; SBN 160371
Tyler A. Theobald, Esq.; SBN 254215
**PETTIT KOHN INGRASSIA & LUTZ PC**
11622 El Camino Real, Suite 300
San Diego, California 92130
Phone: (858) 755-8500
Facsimile: (858) 755-8504
E-mail: dpettit@pettitkohn.com
ttheobald@pettitkohn.com

Attorneys for Defendant
**SEDONA STAFFING**

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHELLE YVETTE WILLIAMS,<br>Plaintiff,<br>v.<br>MAIN OFFICE BIG LOTS, SEDONA STAFFING,<br>Defendants. | CASE NO.: 07-CV-2191 JLS (BLM)<br>**DECLARATION OF CARLA STANLEY IN SUPPORT OF DEFENDANT SEDONA STAFFING'S MOTION TO SET ASIDE THE ENTRY OF DEFAULT**<br>**Date: July 10, 2008**<br>**Time: 1:30 p.m.**<br>District Judge: Hon. Janis L. Sammartino<br>Magistrate Judge: Hon. Barbara L. Major<br>Complaint Filed: November 16, 2007<br>Trial Date: TBD |

I, Carla Stanley, hereby declare as follows:

1. I am the President of Sedona Staffing, a staffing agency located in San Diego, which I operate pursuant to a licensing agreement with Sedona Group, Inc.

2. I am informed and believe that on December 3, 2007, the United States Marshall's Service delivered a copy of Plaintiff Michelle William's ("Plaintiff") November 16, 2007 complaint and summons (collectively referred to as "the Complaint") to Ms. Delia Puentes, an operations administrator for Sedona Staffing in San Diego, California.

3. Ms. Puentes is an administrator and is not authorized to accept service on behalf of either Sedona Staffing or Sedona Group, Inc.

4. Ms. Rita Sanford is currently employed as the office manager for Sedona Staffing in San Diego, California.

5. Ms. Sanford was responsible for responding to Plaintiff's EEOC charge and the Complaint.

6. I was unaware that Sedona Staffing had failed to properly respond to the Complaint until after I consulted with Pettit Kohn Ingrassia & Lutz, PC, on or about May 13, 2008, regarding Plaintiff's EEOC charge.

7. I am informed and believe that Ms. Sanford, in responding to the Complaint, intended to address Plaintiff's allegations.

8. Sedona Staffing neither intended to obstruct Plaintiff's ability to litigate her claim on the merits, nor delay the court's handling of this action.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 28th day of May, 2008 at San Diego, California.

Carla Stanley

Carla Stanley

Douglas A. Pettit, Esq.; SBN 160371
Tyler A. Theobald, Esq.; SBN 254215
**PETTIT KOHN INGRASSIA & LUTZ PC**
11622 El Camino Real, Suite 300
San Diego, California 92130
Phone: (858) 755-8500
Facsimile: (858) 755-8504
E-mail: dpettit@pettitkohn.com
ttheobald@pettitkohn.com

Attorneys for Defendant
**SEDONA STAFFING**

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHELLE YVETTE WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>MAIN OFFICE BIG LOTS, SEDONA STAFFING,<br><br>Defendants. | CASE NO.: 07-CV-2191 JLS (BLM)<br><br>**CERTIFICATE OF SERVICE**<br><br>District Judge: Hon. Janis L. Sammartino<br>Magistrate Judge: Hon. Barbara L. Major<br>Complaint Filed: November 16, 2007<br>Trial Date: TBD |

- DEFENDANT SEDONA STAFFING'S NOTICE OF MOTION AND MOTION TO SET ASIDE THE ENTRY OF DEFAULT
- MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT SEDONA STAFFING'S MOTION TO SET ASIDE THE ENTRY OF DEFAULT AND EXHIBITS IN SUPPORT THEREOF
- DECLARATION OF RITA SANDFORD IN SUPPORT OF DEFENDANT SEDONA STAFFING'S MOTION TO SET ASIDE THE ENTRY OF DEFAULT
- DECLARATION OF CARLA STANLEY IN SUPPORT OF DEFENDANT SEDONA STAFFING'S MOTION TO SET ASIDE THE ENTRY OF DEFAULT

I hereby certify that a copy of the foregoing motion was this date served upon all counsel of record by placing a copy of the same in the United States Mail, postage prepaid, and sent to their last known address as follows:

///

///

Michelle Yvette Williams
2985 Euclid Avenue, #22
San Diego, CA 92105
(619) 993-7811

executed in San Diego, California this 28th day of May 2008.

SHIRA MENDELSOHN