1
2
3
4
5
6
7

8          **UNITED STATES DISTRICT COURT**

9          **SOUTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11 MICHELLE YVETTE WILLIAMS, | CASE NO. 07CV2191 JLS (BLM) |
| 12                                    Plaintiff, | **ORDER (1) GRANTING PNS STORES, INC.'S MOTION TO SET** |
| 13 | **ASIDE ENTRY OF DEFAULT, (2) GRANTING PNS STORES, INC.'S** |
| 14     vs. | **MOTION TO DISMISS COMPLAINT, (3) GRANTING** |
| 15 | **SEDONA STAFFING'S MOTION TO SET ASIDE ENTRY OF** |
| 16 | **DEFAULT, (4) GRANTING SEDONA STAFFING'S MOTION** |
| 17 PNS STORES, INC., erroneously sued as "MAIN OFFICE BIG LOTS", and SEDONA | **TO DISMISS COMPLAINT, and (5) DENYING AS MOOT** |
| 18 STAFFING, | **PLAINTIFF'S MOTION FOR JUDGMENT ON THE MERITS** |
| 19                                    Defendants. | (Doc. Nos. 12, 13, 20, 22, 23) |

20

21       Michelle Yvette Williams ("plaintiff") pleads a single cause of action for violation of the

22 Freedom of Information Act because defendants PNS Stores, Inc., erroneously sued as "Main

23 Office Big Lots," and Sedona Staffing are alleged to have unlawfully withheld documents relating

24 to the termination of plaintiff's employment.  (Doc. No. 1.)  Plaintiff has obtained entry of default

25 against both defendants.  (Doc. No. 9.)  Each defendant has filed a motion to set aside the entry of

26 default against it (Doc. Nos. 12 (PNS Stores) & 22 (Sedona Staffing)) and to dismiss plaintiff's

27 complaint (Doc. Nos. 13 (PNS Stores) & 23 (Sedona Staffing)).  Plaintiff has moved for

28 "judgment on the merits".  (Doc. No. 20.)  Assuming the parties' familiarity with the underlying

1  facts, the Court addresses these motions as follows:

2      The Court will grant each defendant's motion to set aside entry of default.  The Court's

3  reasoning is equally applicable to both defendants' motions.  "The court may set aside an entry of

4  default for good cause[.]" Fed. R. Civ. P. 55(c).  Factors relevant to the "good cause" inquiry

5  include "(1) whether [defendant] engaged in culpable conduct that led to the default; (2) whether

6  [defendant] had a meritorious defense; or (3) whether reopening the [action] would prejudice

7  [plaintiff]."  Franchise Holding II, LLC v. Huntington Rests. Group, Inc., 375 F.3d 922, 926 (9th

8  Cir. 2004).  The Court enjoys "especially broad" discretion to find good cause when setting aside

9  an entry of default, rather than a default judgment.  Mendoza v. Wight Vineyard Mgmt., 783 F.2d

10  941, 945 (9th Cir. 1986); McManus v. Am. States Ins. Co., 201 F.R.D. 493, 500 (C.D. Cal. 2000).

11      All three factors favor setting aside the entry of default.  Defendant did not engage in

12  culpable conduct because service of the summons and complaint was improper.  See Fed. R. Civ.

13  P. 4(h)(1) (explaining that domestic corporations may be served by delivering a copy of the

14  summons and complaint to the authorized agent for service of process or by following the law of

15  the state where the district court is located); Cal. Civ. Proc. Code § 416.10 (explaining permissible

16  ways to serve a corporation, including service on designated agent for service of process or

17  delivering copy to any one of listed executives); Randell v. Cal. State Comp. Ins. Fund, 2008 WL

18  2946557, at *2-*3 (E.D. Cal. July 29, 2008) (finding good cause to set aside entry of default where

19  service was inadequate).  The proof of service for Sedona Staffing was signed by Delia Puentes, an

20  operations administrator who was not authorized to receive service of process.  The proof of

21  service for PNS Stores, Inc. lacks any signature.  In short, plaintiff failed to serve the summons

22  and complaint properly on either corporate defendant.

23      For the reasons stated post in the Court's analysis of the motion to dismiss, each defendant

24  has a meritorious defense to plaintiff's complaint.

25      Finally, the Court finds that setting aside the entry of default and litigating the case on the

26  merits will not prejudice plaintiff.  To establish prejudice, there must be "greater harm than simply

27  delaying resolution of the case.  Rather, 'the standard is whether [plaintiff's] ability to pursue [her]

28  claim will be hindered.'" TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 701 (9th Cir. 2001)

07cv2191

1   (quoting <u>Falk v. Allen</u>, 739 F.2d 461, 463 (9th Cir. 1984)).  The Court finds that delay is the only

2   harm that will result from setting aside the entry of default.

3        Having set aside the entry of default, the Court will grant each defendant's motion to

4   dismiss.  The Court's reasoning is equally applicable to both defendants' motions.  The Freedom

5   of Information Act ("FOIA"), 5 U.S.C. § 552(a), imposes duties on "each agency [to] make

6   available to the public information[.]" The statute defines "agency" as "any executive department,

7   military department, Government corporation, Government controlled corporation, or other

8   establishment in the executive branch of the Government (including the Executive Office of the

9   President), or any independent regulatory agency[.]" <u>Id.</u> § 552(f)(1).  The FOIA does not apply to

10  private corporations, which defendants claim to be.  <u>Unt v. Aerospace Corp.</u>, 765 F.2d 1440, 1447

11  (9th Cir. 1985);  <u>Furlong v. Cochran</u>, 2006 WL 3254505, at *1 (W.D. Wash. Nov. 9, 2006);  The

12  complaint does not allege that PNS Stores, Inc. and Sedona Staffing, both purporting to be private

13  corporations, fall within the FOIA's definition of "agency."

14       Having granted the motion to dismiss, the Court will deny as moot plaintiff's motion for

15  judgment on the merits.  Also, having dismissed the complaint, the Court must determine whether

16  to grant leave to amend.  When dismissing a complaint, the Court may deny leave to amend only if

17  it appears with certainty that the plaintiff cannot state a claim and any amendment would be futile.

18  <u>See</u> Fed. R. Civ. P. 15(a) (stating leave to amend "shall be freely given when justice so requires");

19  <u>DeSoto v. Yellow Freight Sys., Inc.</u>, 957 F.2d 655, 658 (9th Cir. 1992); <u>Schreiber Distrib. Co. v.</u>

20  <u>Serv-Well Furniture Co.</u>, 806 F.2d 1393, 1401 (9th Cir. 1986).  Here, the Court grants leave to

21  amend to allow plaintiff to plead that defendants are "agencies" within the meaning of the FOIA.

22  Also, plaintiff's request for judgment on the merits "alleges that such wrongfully [sic] termination

23  was due to Racial [sic] and other discrimination."  (Doc. No. 20-1, at 3.)  Therefore, leave to

24  amend is also appropriate so that plaintiff may allege any additional causes of action, other than an

25  FOIA claim.

26  //

27  //

28  //

- 3 -                                    07cv2191

1    In summary, the Court **GRANTS** each defendant's motion to set aside entry of default and

2  **DIRECTS** the Clerk to set aside the entry of default as to both defendants.  The Court **GRANTS**

3  each defendant's motion to dismiss the complaint **WITHOUT PREJUDICE**.  If plaintiff wishes

4  to file an amended complaint, plaintiff **SHALL FILE** the amended complaint on or before

5  October 3, 2008.  Plaintiff **MUST COMPLY** with Federal Rule of Civil Procedure 4(h)(1) when

6  serving the summons and complaint.  The Court **DENIES AS MOOT** plaintiff's motion for

7  judgment on the merits.

8    IT IS SO ORDERED.

9

10  DATED:  August 27, 2008

11    _Janis L. Sammartino_
     Honorable Janis L. Sammartino
     United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28