# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE YVETTE WILLIAMS,<br><br>            Plaintiff,<br><br>    vs.<br><br><br>PNS STORES, INC., erroneously sued as "MAIN OFFICE BIG LOTS", and SEDONA STAFFING,<br><br>            Defendants. | CASE NO. 07CV2191 JLS (BLM)<br><br>ORDER (1) GRANTING SEDONA STAFFING'S UNOPPOSED MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, (2) DIRECTING PNS STORES, INC. TO PROPERLY SERVE ITS MOTION TO DISMISS, and (3) ENLARGING TIME FOR PLAINTIFF TO RESPOND TO PNS STORES, INC.'S MOTION<br><br>(Doc. No. 30) |

In its August 28, 2008 Order, the Court granted the respective motions of defendants PNS Stores, Inc. (erroneously sued as "Main Office Big Lots") and Sedona Staffing to set aside the entry of default against them and to dismiss plaintiff's complaint. (Doc. No. 27.) Previously, on August 18, 2008, while those motions were still under submission, plaintiff Michelle Yvette Williams filed a "Notice of Change of Address" and indicated that "[a]ll pleadings and correspondence should be sent to" the new address of record. (Doc. No. 26.)

As the Court's August 28, 2008 Order had granted leave to amend, plaintiff filed her amended complaint on October 2, 2008. (Doc. No. 28.) The amended complaint alleged violations of Title VII and California's Fair Employment and Housing Act ("FEHA").

1    On October 22, 2008, Sedona Staffing filed a motion to dismiss the amended complaint for lack of subject matter jurisdiction and failure to state a claim, along with a motion for a more definite statement. (Doc. No. 30.) The proof of service for this motion indicates that it was correctly served by mail at plaintiff's updated address. Plaintiff never filed an opposition to Sedona Staffing's motion. The Court finds Sedona Staffing's motion to be well-taken. Because plaintiff has failed to allege exhaustion of administrative remedies, the Court lacks subject matter jurisdiction over her Title VII and FEHA claims. See B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1099 (9th Cir. 2002) (Title VII); Okoli v. Lockheed Technical Operations Co., 36 Cal. App. 4th 1607, 1613 (Cal. Ct. App. 1995) (FEHA). Lacking subject matter jurisdiction, the Court does not reach defendant's alternative arguments that the amended complaint fails to state a claim or that plaintiff should provide a more definite statement. Given plaintiff's failure to oppose Sedona Staffing's properly served motion, the dismissal shall be with prejudice.

On October 22, 2008, PNS Stores, Inc. filed a motion to dismiss for failure to exhaust administrative remedies. (Doc. No. 31.) The proof of service for this motion contains two defects. First, the proof of service claims that PNS Stores served the motion papers electronically, pursuant to the Southern District's local rules for electronic case filing. Plaintiff, however, proceeding pro se, is not registered with the district's electronic filing system. Therefore, plaintiff is entitled to service of a paper copy, according to the Federal Rules of Civil Procedure. See Electronic Case Filing Administrative Policies & Procedures Manual § 2(d). Even if PNS Stores's proof of service is incomplete and PNS Stores actually served a paper copy on plaintiff, the proof of service lists plaintiff's previous address, rather than the address on file at the time that PNS Stores filed its motion. Paper service at the previous address would be improper under FRCP 5(b)(2)(C), which requires "mailing [the paper] to the person's last known address[.]"

Therefore, the Court **DIRECTS** defendant PNS Stores to serve its motion on plaintiff consistent with both the Federal Rules of Civil Procedure and the Southern District's CM/ECF procedures. PNS Stores **SHALL EFFECTUATE** service and **SHALL FILE** a corrected proof of service within 7 days of this Order. The Court sua sponte **GRANTS** plaintiff twenty-one days from the filing of the corrected proof of service to oppose the motion of PNS Stores only.

1    For the reasons stated <u>supra</u>, the Court **GRANTS** Sedona Staffing's motion to dismiss for
2 lack of subject matter jurisdiction and **DISMISSES WITH PREJUDICE** Sedona Staffing from
3 this action.

4    IT IS SO ORDERED.

5 DATED: January 21, 2009

6                                                  _____
                                                   Honorable Janis L. Sammartino
7                                                  United States District Judge